IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ELITE GAMING TECH LLC, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| WIWYNN CORPORATION, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Elite Gaming Tech LLC ("EGT" or "Plaintiff"), for its Complaint against Defendant Wiwynn Corporation ("Wiwynn" or "Defendant") alleges as follows:

## THE PARTIES

1. EGT is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, Texas 75670.

2. Upon information and belief, Wiwynn is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 8F, 90, Sec. 1, Xintai 5th Road, Xizhi District, New Taipei City, 22102, Taiwan. Wiwynn is a leading manufacturer and seller of computers and server equipment in the world and in the United States. Upon information and belief, Wiwynn does business in Texas and in the Eastern District of Texas, directly or through intermediaries and/or corporate affiliates.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C.

1

§§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6.     Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7.     On December 6, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,973,535 (the "'535 Patent") entitled "Digital Device Configuration and Method". A true and correct copy of the '535 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=9973535.

8.     On June 9, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,546,411 (the "'411 Patent") entitled "Digital Device Configuration and Method". A true and correct copy of the '411 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=7546411.

9.     EGT is the sole and exclusive owner of all right, title, and interest in the '535 Patent

and the '411 Patent (collectively, the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.

## FACTUAL ALLEGATIONS

10. The '535 Patent and the '411 Patent generally relate to data storage arrangements. The technology described by the '535 Patent and the '411 Patent was developed by inventors Curtis H. Bruner, Lance R. Carlson, and Jeffrey E. Mast. For example, the technology described in the Patents-in-Suit is implemented in computer systems, such as servers, which utilize infringing hard disk drives.

11. Third-parties Western Digital ("WD") and Hitachi Global Storage Technologies ("HGST") supply Hard Disk Drives ("HDDs") that implement the infringing technologies. These Hard Disk Drives include WD Blue, Black, Red, Purple, and Gold drives, as well as HGST Ultrastar, Travelstar, Deskstar, Endurastar, and Cinemastar drives. Wiwynn makes, uses, sells, and/or imports servers, that include one or more WD and/or HGST HDDs. For example, upon information and belief, these infringing computers include the Wiwynn servers that include one or more WD and/or HGST HDDs.

12. Wiwynn has infringed the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products, including computer systems which utilize WD and/or HGST Disk Drives.

## COUNT I
**(Infringement of the '535 Patent)**

13. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '535 Patent.

15. Defendant has directly infringed the '535 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '535 Patent. Such products include computer devices, such as servers which utilize hard disks. Upon information and belief, such Wiwynn products include at least Wiwynn computer systems, such as servers, which utilize infringing hard disk drives.

16. For example, Defendant has indirectly infringed at least claim 20 of the '535 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include computer systems, such as servers, which utilize infringing hard disk drives, such as the Ultrastar DC HC350.

17. For example, the ST7000 G2 server is a system that includes electromechanical digital data storage arrangement (e.g., a server containing an Ultrastar DC HC530). The ST7000 G2 has a rotatable disk and an actuator arm which performs write operations and read operations from the disk under the control of a servo electronics device having a servo serial interface, in cooperation with a read/write electronics device having a read/write serial interface for control thereof, and a preamp electronics device having a preamp serial interface for control thereof, such that digital data can be written to or read from the disk responsive to a host device. The ST7000 G2 server includes a storage arrangement thereby including a plurality of devices and associated device serial interfaces. The ST7000 G2 server performs the step of configuring a primary serial gateway, forming part of the storage arrangement for externally bi-directionally transferring a serial control-related data, which is used in operating the devices. The ST7000 G2 server performs the step of arranging a host serial interface, as part of the host device in data communication with the primary serial gateway of the storage arrangement, for applying a serial protocol to the serial

control-related data passing between the host device and the storage arrangement. The ST7000 G2 server performs the step of using a serial router, as part of the storage arrangement and in data communication with the primary serial gateway, to manage the serial control-related data between the primary serial gateway and each of the device serial interfaces.

18. Defendant has indirectly infringed one or more claims of the '535 Patent by knowingly and intentionally inducing others, including Wiwynn customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

19. Defendant, with knowledge that these products, or the use thereof, infringe the '535 Patent at least as of the date of this Complaint, knowingly and intentionally induced direct infringement of the '535 Patent by providing these products to end-users for use in an infringing manner.

20. Defendant has induced infringement by others, including end- users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '535 Patent, but while remaining willfully blind to the infringement.

21. EGT has suffered damages as a result of Defendant's indirect infringement of the '535 Patent in an amount to be proved at trial.

**COUNT II**
**(Infringement of the '411 Patent)**

22. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

23. EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '411 Patent.

24. Defendant has directly infringed the '411 Patent, either literally or under the

doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '411 Patent. Such products include computer devices, such as servers which utilize hard disks. Upon information and belief, such Wiwynn products include at least Wiwynn computer systems, such as servers, which utilize infringing hard disk drives.

25.  For example, Defendant has indirectly infringed at least claim 1 of the '411 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include computer systems, such as storage servers, which utilize infringing hard disk drives, such as the Ultrastar DC HC530.

26.  For example, the Wiwynn ST7000 G2 server comprises is an electromechanical digital data storage arrangement that includes a disk for storing first data (e.g., a server containing a Ultrastar DC HC530). The ST7000 G2 includes two or more digital devices that each have a dedicated serial interface. The ST7000 G2 server performs the step of providing bi-directional control related serial data that is clocked using a clock signal. The ST7000 G2 server performs the step of writing the first data to the disk using the clock signal as a time base reference. The ST7000 G2 server performs the step of setting a serial router to route the bi-directional control related serial data to a selected digital device so as to implement a particular command set for the digital device. The ST7000 G2 server performs the step of routing the bi-directional control related serial data to the selected digital device via the dedicated serial interface of the selected device.

27.  Defendant has indirectly infringed one or more claims of the '411 Patent by knowingly and intentionally inducing others, including Wiwynn customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

28. Defendant, with knowledge that these products, or the use thereof, infringe the '411 Patent at least as of the date of this Complaint, knowingly and intentionally induced direct infringement of the '411 Patent by providing these products to end-users for use in an infringing manner.

29. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '411 Patent, but while remaining willfully blind to the infringement.

30. EGT has suffered damages as a result of Defendant's indirect infringement of the '411 Patent in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EGT prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order awarding damages sufficient to compensate EGT for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

c. Entry of judgment declaring that this case is exceptional and awarding EGT its costs and reasonable attorney fees under 35 U.S.C. § 285; and

d. Such other and further relief as the Court deems just and proper.

Dated: May 26, 2023                              Respectfully submitted,

/s/ *Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, New Jersey 07078
Telephone: (201) 341-9445
Facsimile (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

*ATTORNEYS FOR PLAINTIFF*
*ELITE GAMING TECH LLC*